# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY VAUGHN and SHARON VAUGHN,<br><br>    Petitioner,<br><br>v.<br><br>CENTER STREET SECURITIES, INC., JACK R. THACKER, and JEFFREY T. KENNEDY,<br><br>    Respondents. | Case No. |

## PETITION TO CONFIRM ARBITRATION AWARD

1. Petitioners bring this action pursuant to the Federal Arbitration Act (FAA) 9 U.S.C. § 9, to confirm the arbitration award entered on January 8, 2025 and served on January 9, 2025 in an arbitration between Petitioners and Respondents regarding securities fraud claims against the Respondents for violating investment-related statutes and regulations, administered by the Financial Industry Regulatory Authority (FINRA), and entry of judgement thereon pursuant to 9 U.S.C. § 13. The arbitrators in the FINRA arbitration proceeding below unanimously found in Petitioners favor on their securities fraud claims against Respondents Center Street Securities, Inc., Jack R. Thacker, and Jeffrey T. Kennedy entering an award of $1,736,370.14 plus interest. This Court should confirm the award and enter a judgement thereon.

1

## PARTIES, JURISDICTION, AND VENUE

2. Terry and Sharon Vaughn are residents of Quincy, Illinois. They are a retired couple who were victim of securities and investment fraud at the hands of Respondents Center Street Securities, Jack Thacker, and Jeffrey Kennedy.

3. Center Street Securities Inc. ("Center Street") is a corporation formed in Louisiana with its principal place of business in Nashville, Tennessee. Center Street operated in a coordinated effort to defraud customers all around the United States, led by its owner and President Jack Thacker. Center Street was repeatedly sanctioned by FINRA prior to Center Street's FINRA membership formally terminating last year.

4. Jack R. Thacker was at all times during the relevant misconduct underlying the arbitration proceeding, a resident of Tennessee who operated Center Street Securities which interacted with Petitioners from Tennessee primarily.

5. Jeffrey T. Kennedy is a resident of Texas, though he also resided in Illinois during part of the time period underlying the securities fraud misconduct at issue in this case.

6. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

7. After Petitioners initially instituted the arbitration proceeding against Center Street Securities, Inc., Center Street and its respective holding companies attempted to begin closing their doors in an effort to defraud creditors like Petitioners by using money procured from Petitioners due to the fraud

perpetrated on them and other customers (including the hefty commissions and fees).

8. This Court is a proper venue for this proceeding pursuant to the FAA, 9 U.S.C. § 9, because the award was issued in St. Louis, Missouri and because the parties agreed that "a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment" as set forth in the Financial Industry Regulatory Authority ("FINRA") Arbitration Submission Agreement.

9. The parties submitted their dispute under the Agreement to arbitration before a FINRA Panel, which arbitration was conducted pursuant to the FINRA Code of Arbitration for Customer Disputes and the provisions of the FAA. Petitioners' securities fraud claims centered on securities fraud under the state and federal securities laws, regulations, and statutes, misrepresentations, breach of fiduciary duty and investment recommendations and other misconduct of the Respondents which resulted in substantial losses to Petitioners life savings and retirement savings.

10. After twelve arbitration hearing sessions over half a dozen days, during which numerous witnesses testified, including Terry Vaughn, Jeffrey Kennedy, Jack Thacker, Thomas Lisk (the former Vice-Preident of Center Street Securities), and an esteemed securities fraud expert Sander Ressler, the introduction of thousands of pages of exhibits, at least three separate pre-hearing conferences, the submission of pleadings, briefs and materials, the Panel decided in full and final

resolution of the issues submitted for determination after the parties were granted a full and complete opportunity to be heard.

11. The Arbitration Award unanimously granted Petitioners securities fraud claims in the total amount of $1,736,370.14, plus interest running from January 8, 2025 forward. *See* Exhibit A.

12. This Court should confirm the Arbitration Award served on January 9, 2025, and enter judgment in favor of Petitioners and against Respondents pursuant to 9 U.S.C. § 9.

## ARGUMENT & LEGAL AUTHORITY

13. It is well-recognized that any judicial review of arbitration awards must be extremely limited. "[J]udicial review of the merits of an arbitrator's award is conducted under an ***extremely deferential*** standard of review." *Brown v. Brown-Thill*, 762 F.3d 814, 818 (8th Cir. 2014) (emphasis added); *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) ("[J]udicial review of arbitration decisions is among the narrowest known to the law.")

14. As the United States Supreme Court declared: "On application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587, 128 S. Ct. 1396, 1405 (2008)

4

15. "Courts have no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract." *Med. Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 488 (8th Cir. 2010) ("The bottom line is we will confirm the arbitrator's award even if we are convinced that the arbitrator committed serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.") (quotations and citations omitted).

16. "Because arbitration awards are favored, a party seeking to vacate on this ground has "a high burden of demonstrating objective facts inconsistent with impartiality." <u>Brown</u>, 762 F.3d at 820 (citations omitted).

17. The "district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony. Most importantly, the Federal Arbitration Act expresses a **presumption that arbitration awards will be confirmed**. Section 9 of the Act provides that if the parties have agreed to judicial confirmation of the award, then 'the ***court must grant such an order*** [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932-33 (11th Cir. 1990) (citations omitted, italics and brackets in original, bold emphasis added).

18. Under the FAA, 9 U.S.C. § 9, confirmation of the award on the Motion of a party is the presumption. Specifically, "after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and

5

thereupon the court **must** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." (emphasis added).

19. There is "**a heavy presumption**" in favor of confirming arbitration awards, and "**confirmation of an arbitration award is usually routine or summary**." *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842–43 (11th Cir. 2011) (emphasis added) (also noting that district court review of arbitration awards is "circumscribed, as arbitrators 'do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party.'").

20. Section 9 of the FAA provides that at any time within one year after the arbitration award is made, any party to the arbitration may apply to the court for an order confirming the award. Section 9 further provides that the court must enter an order confirming the arbitration award unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of the Federal Arbitration Act. This Petition to Confirm is timely brought within one year of the date that the FINRA Arbitration Award was issued. The Arbitration Award has not been vacated or modified.

21. Even if the Respondents did move to vacate or modify the award, "The party seeking vacatur has the burden to overcome the strong presumption ... that the arbitration award should stand... Although [the losing parties] fervently maintain that the arbitrator's decision was wrong, this is no reason to vacate the award." *V5 Invs., LLC v. GoWaiter Bus. Holdings, LLC*, 210 F. Supp. 3d 1329, 1332 (M.D. Fla. 2016) (quotations and citations omitted).

6

22. "The fact that Plaintiffs submitted their claims to the arbitrator and the arbitrator considered and resolved these claims at arbitration is enough to preclude vacatur." *V5 Investments, LLC,* 210 F. Supp. 3d 1333.

23. Here, the arbitration award has not been vacated, modified, or corrected, and there are no bases for vacating, modifying, or correcting the award. Thus, the unanimous Arbitration Award is clear and unambiguous and should be confirmed.

**PRAYER FOR RELIEF**

24. **WHEREFORE,** Petitioners respectfully request that the Court enter an Order confirming the Arbitration Award in the matter and directing the entry of final judgment in favor of Petitioners and against Respondents jointly and severally for damages due to Respondents' securities fraud and violations of the securities rules and regulations as specified in the Arbitration Award for a total amount of $1,736,370.14 plus interest as follows:

    a. Against Respondents Center Street Securities, Inc., Jeffrey T. Kennedy, and Jack R. Thacker jointly and severally $528,570.14 in compensatory damages to Petitioners Terry and Sharon Vaughn.
    b. Against Respondents Center Street Securities, Inc., Jeffrey T. Kennedy, and Jack R. Thacker jointly and severally to pay Petitioners interest at the rate of 9% per annum on the amount of $528,570.14 from January 8, 2025 until the award is paid in full to Petitioners Terry and Sharon Vaughn.
    c. Against Respondents Center Street Securities, Inc. and Jack R. Thacker jointly and severally punitive damages in the amount of $1,000,000.00 to Petitioners Terry and Sharon Vaughn.
    d. Against Respondent Jeffrey T. Kennedy, punitive damages in the amount of $200,000.00 to Petitioners Terry and Sharon Vaughn.
    e. Against Respondents Center Street Securities, Inc., Jeffrey T. Kennedy, and Jack R. Thacker jointly and severally the amount of $7,500.00 and $300.00 respectively to Petitioners Terry and Sharon Vaughn representing costs and filing fees.

    f.  Such other and further relief as the Court may deem just, fair, and equitable, including such other costs and fees related to this action as may be contemplated by and recoverable under the Rules of Civil Procedure.

Dated: January 17, 2025.

                                            Respectfully submitted,

                                            */s/ Sarah Shoemake Doles*
                                            Sarah Shoemake Doles
                                            LEVIN, PAPANTONIO, PROCTOR,
                                            BUCHANAN, O'BRIEN, BARR &
                                            MOUGEY, P.A.
                                            316 South Baylen Street, Suite 600
                                            Pensacola, FL 32502
                                            Telephone: (850) 495-5010
                                            sdoles@levinlaw.com
                                            ***Attorney for Petitioners***