UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

TERRY AND SHARON VAUGHN

Civil Action No.:
4:25-cv-00078 -SPM

    Planitiff,

vs.

ANSWER AND COUNTER-CLAIM TO VACATE ARBITRATION AWARD

CENTER STREET SECURITIES, INC.,
JACK R. THACKER  and
JEFFREY T. KENNEDY

    Defendants.

**Preliminary Statement**

1. Jeffrey Kennedy, representing himself in this matter, files this Answer to the Petition to Confirm an Arbitration award, and simultaneously files my own Counter-Claim Motion to Vacate the underlying FINRA Arbitration Award that was assigned   FINRA Case No.: ~~24-01539~~ 22-01937 JTK (the "Award").

2. I apologize for any layman errors that may occur in my response, but due to the fact that I am representing myself, I hope the Court will excuse my lack of experience defending myself in court matters.

**Parties**

2. I am a resident of Giddings Texas, and had been working in the securities industry for approximately 17 years at the time the Petition was filed.  I had been registered with Defendant Center Street Securities at all relevant times

3. The Vaughns were clients of mine and are believed to have resided at all relevant times  in Illinois.

## Background

4. Plaintiffs in this matter filed a Statement of Claim (the "SOC) through the arbitration forum offered by the Financial Industry Regulatory Authority, Inc. ("FINRA") on or about August 26, 2022.

5. The underlying arbitration was assigned FINRA Case No.: 22-01937.

6. The subject matter of the FINRA Arbitration filed by Plaintiffs related to the handling and recommendations of securities in their brokerage account at Defendant Center Street.

7. Respondent sought compensatory damages in the amount of no less than $200,000 and other damages, including punitive damages and legal fees lost and incurred as a result of the handling Plaintiffs' account.

8. The arbitrators assigned to hear the case were Arbitrator Lyons, Gold and Whealen. All arbitrators were placed on the Panel to serve as a "Public Arbitrator" as that term is defined in the FINRA Rule Series 13100 (x).

9. Hearings were held in the arbitration in Missouri on December 16-23, 2024, and it is important to note that the attorney who was representing me and Center Street and Defendant Thacker withdrew as counsel prior to the hearings on or about December 6, 2024 and I was compelled to represent myself in that matter at the hearings.

9. On or about January 8, 2025, the Arbitrators assigned to the arbitration case awarded Plaintiffs damages of $528,570 against me and Defendants Center Street and Thacker. Those damages were awarded jointly and severally.

10. The Panel also awarded Plaintiffs $200,000 against me as punitive damages, and awarded Plaintiffs, an equally astounding $1,000,000 against Defendant Thacker as a punitive damage.   See Exhibit "A" annexed to Plaintiffs' Petition.

11. The award rendered by the arbitrators should be vacated pursuant to 9 US Code Section 10 because Arbitrator Whealen was misclassified in his status as a FINRA "Public Arbitrator" when the facts show he was a FINRA "Non-Public arbitrator" according to the Rules of FINRA, and the Panel was supposed to be comprised of all "Public Arbitrators".

12. I attach as "Exhibit 1" to the Answer and Counter-Claim, the Profile of Arbitrator Whealen and refer the court to page 3 of 3 of that document.

13. As evidenced in the Profile of Arbitrator Whealen in the Arbitrator Background Information Section, Arbitrator Whealen was a Regional Sales Manager and Regional Vice President for AT&T/SBC/AT&T Federal Solutions.

14. A review of Page 2 of 3 of the Profile clarifies that SBC was SBC Enhanced Pension Group ( see bottom of page 2 of the Profile) and specifically states that Arbitrator Whelen is STILL a member of SBC Enhanced Pension Group.

15. Looking back on page 3 of 3 of the profile, Arbitrator Whealen states that he was " tasked with assisting employees with basic financial advice, primarily 401k's, Deferred Compensation Plans, Savings Plans and Executive Savings Plans".

16. This work experience of Arbitrator Whelen disqualified him from being classified as a "Public arbitrator" according to FINRA Rule 12100 (aa) because of his ongoing involvement with securities and the investing of securities.

17. I ask this court to Vacate the Award and direct that another hearing be held through FINRA with a new panel because all 3 arbitrators were to be classified as Public arbitrators, but Arbitrator Whelen did not qualify for that classification given his experience.

18. To the extent that I must respond to the Petition to Vacate, I state that I deny the contention that the Petition should be granted and I allege that it should be denied.

## ANSWER TO PETITION

I respond to the Petition specifically as follows:

1. The paragraph states a legal basis which is for the court to decide.

2. I believe the Vaughns live in Illinois and disagree that they were victims of fraud and I ask the court to specifically avoid drawing that conclusion because the arbitration panel DID NOT CONCLUDE THAT FRAUD OCURRED.

3. I don't know the state of incorporation for Center Street and deny that I was implicated in Fraud in any manner.

4. I don't know the residency of Defendant Thacker.

5. I admit that I am a resident of Texas, I admit that I resided in Illinois at times, but I deny that there was fraud in the handling of the accounts.

6. The paragraph states a legal basis which is for the court to decide.

7. I deny any knowledge of the contentions raised in paragraph 7.

8. The paragraph states a legal basis which is for the court to decide.

9. The paragraph states a legal basis which is for the court to decide.

10. I deny that a full and complete opportunity to be heard occurred as set forth in my Cross Motion to Vacate.

11. I deny that the award stated there was securities fraud.

12.  I deny that the award should be confirmed.

13. The paragraph states a legal basis which is for the court to decide.

14. The paragraph states a legal basis which is for the court to decide.

15. The paragraph states a legal basis which is for the court to decide.

16. The paragraph states a legal basis which is for the court to decide.

17. The paragraph states a legal basis which is for the court to decide.

18. The paragraph states a legal basis which is for the court to decide.

19. The paragraph states a legal basis which is for the court to decide.

20. The paragraph states a legal basis which is for the court to decide.

21. The paragraph states a legal basis which is for the court to decide.

22. The paragraph states a legal basis which is for the court to decide and my Counter-Claim speaks for itself.

23. The paragraph states a legal basis which is for the court to decide and I have filed a Counter-Claim Motion to Vacate.

Wherefore, I ask that the Petition to Vacate be Denied and my Counter-claim to Vacate be Granted.

*Pro Se*
*Jeffrey Kennedy*   3/5/25

1093 County Road 205

Giddings, TX 78942