UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRY VAUGHN and SHARON VAUGHN,  Petitioners,  v.  CENTER STREET SECURITIES, INC., JACK R. THACKER, and JEFFREY T. KENNEDY,  Respondents. | Case No. 4:25-cv-00078-SPM |

**ANSWER TO AMENDED COUNTER-CLAIM MOTION[1] TO VACATE OF RESPONDENT JEFFREY T. KENNEDY**

1. Admitted

2. Without knowledge, therefore denied.

**Parties**

2. [Sic] Admitted

3. Admitted.

**Background**

4. Admitted.

5. Admitted.

6. Admitted.

---

[1] Petitioners treat this Counter-Claim Motion by Respondent Kennedy as a Petition to Vacate under 9 U.S.C. § 10.

1

7. Admitted.

8. Admitted that Arbitrator Lyons, Gold, and Whealen were assigned to hear the case and admitted that the arbitrators were listed as "Public Arbitrators" but denied as to the application of FINRA Rule Series 13100 (x).

9. Admitted that the hearings were held in the arbitration on December 16-23, 2024 and admitted that the attorney representing Jeffrey T. Kennedy withdrew as counsel. Denied as to the remainder.

10. Admitted as to $200,000 of punitive damages being awarded against Jeffrey T. Kennedy and $1,000,000 in punitive damages against Defendant Thacker. Denied as to the amounts being astounding or inappropriate.

11. Denied.

12. Admitted.

13. Admitted.

14. Denied.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

## Affirmative Defenses

1. Waiver and Estoppel. Respondent Jeff Kennedy, and his counsel in the underlying arbitration proceeding, were aware of arbitrator Whealen's disclosures, which the report attached as Respondent KENNEDY – EXHIBIT 1 confirms was produced or

last affirmed on November 22, 2023. Respondent Kennedy did not challenge Arbitrator Whealen's classification or continued service as an arbitrator either via FINRA Rule 12406 or FINRA Rule 12407, which Respondent Kennedy could have done at any time prior to the Arbitration Hearing or issuance of the Award. As such, Respondent Jeff Kennedy waived this argument and should be estopped from asserting these arguments for the first time in this action. *See, e.g.*, *Goldman, Sachs & Co. v. Athena Venture Partners, L.P.*, 803 F.3d 144, 150 (3d Cir. 2015) ("A party should not be permitted to game the system by rolling the dice on whether to raise the challenge during the proceedings or wait until it loses to seek vacatur on the issue. . . If it were any other way, arbitrations would cease to have finality and result in endless hearings within hearings."); *First Cap. Real Est. Invs., L.L.C. v. SDDCO Brokerage Advisors, LLC*, 355 F. Supp. 3d 188, 194–95 (S.D.N.Y.), *aff'd sub nom. First Cap. Real Est. Invs., LLC v. SDDCO Brokerage Advisors, LLC*, 794 F. App'x 86 (2d Cir. 2019) ("Ms. Parker's work history does not require vacatur of the arbitration award in this case. Ms. Parker's disclosure report states that she previously represented clients in FINRA arbitrations and that she was previously employed by Metropolitan Life. First Capital could have moved to disqualify Ms. Parker before the start of the arbitration. It did not do so, nor did it object during the arbitration. Thus, the objection has been waived."); *Stone v. Bear, Stearns & Co.*, 872 F. Supp. 2d 435, 438–39 (E.D. Pa. 2012), *judgment entered*, No. 2:11-CV-5118, 2012 WL 1946970 (E.D. Pa. May 29, 2012), and *aff'd*, 538 F. App'x 169 (3d Cir. 2013) ("even if Stone could show proper grounds for vacatur, he waived any failure-to-disclose-based challenge to the award because he failed to investigate the arbitrators as diligently *before* the

3

arbitration as he did *after* he lost. In this respect, Stone's admitted actions show him to be the quintessential sore loser improperly seeking a second bite at the apple."); *Weber v. PNC Invs. LLC*, No. 2:19-CV-00704, 2020 WL 563330, at *12–13 (W.D. Pa. Feb. 5, 2020), *aff'd sub nom. Weber v. PNC Invs.*, 844 F. App'x 579 (3d Cir. 2021) ("Weber waived his right to object to both Mathews and Ryan's classification as public arbitrators. Because his waived objections to those arbitrators' classification are the bases for his Motion to Vacate under 9 U.S.C. § 10(a), the Court cannot grant Weber relief under the FAA."); *Graybeal v. Wells Fargo Clearing Servs., LLC*, No. 6:24-CV-1199-CEM-EJK, 2024 WL 5327707, at *3 (M.D. Fla. Dec. 3, 2024) ("Plaintiff essentially asserts that this Arbitrator should never have been appointed to his case pursuant to FINRA rules in light of this disclosure. But as detailed by Wells Fargo, FINRA has extensive procedural rules for the selection and removal of arbitrators for use in arbitration. And Plaintiff's allegations, without more, do not establish either of the two grounds for vacating an arbitration award due to evident partiality under the FAA.") (citation omitted).

2. Arbitration and Award. This matter has already been fully resolved by arbitration and award, and there is no valid basis for vacatur. There was no violation of the FINRA Rules or procedures agreed to by the parties.

3. Ratification or Acquiescence. Respondent Jeffrey T. Kennedy ratified Arbitrator Whealen's service on the arbitration panel or otherwise acquiesced to Arbitrator Whealen's service on the arbitration panel.

4. Unanimous decision and harmless error. To the extent Respondent Jeffrey T. Kennedy established any error at all (which Petitioners deny), such error would be

4

deemed harmless as the arbitration panel issued a unanimous decision. Even if Arbitrator Whealen was replaced with an arbitrator who sided with Respondent Kennedy the result award would remain the same in favor of Petitioners. *Stone*, 872 F. Supp. 2d at 439 ("even if Marston did not qualify as a "public arbitrator," her participation in Stone's case (1) did not fall so far outside the parties' agreed-upon arbitration as to require vacatur under Section 10(a)(4), and (2) constituted harmless error in any event because the three arbitrators rendered a unanimous decision."); *First Cap.*, 355 F. Supp. 3d at 195. ("Moreover, the arbitration panel's decision was unanimous. First Capital does not object to the selection of the two arbitrators other than Ms. Parker. First Capital has provided no evidence that Ms. Parker improperly influenced or prejudiced the other arbitrators in favor of SDDCO. Because the three-person panel unanimously arrived at their decision, Ms. Parker's presence on the panel, even if it had been improper, did not prejudice First Capital and does not require vacatur of the arbitration award.").

5. Failure to Meet Burden of Proof. Respondent Kennedy, as the party seeking vacatur, bears the burden of producing evidence to establish the grounds for vacatur, and Respondent Kennedy has failed to meet this burden. *Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 603 (6th Cir. 2016) ("As the party seeking vacatur, Samaan bears the burden of producing evidence to support his claim").

6. Respondent Jeffrey T. Kennedy's Amended Counter-Motion to Vacate in whole or in part fails to state a claim upon which relief can be granted, including failing to meet any bases for vacatur pursuant to 9 U.S.C. § 10.

5

7. Petitioners deny all of the allegations of the Amended Counter-Motion to Vacate not specifically admitted in this Answer and demands Respondent Jeffrey T. Kennedy be required to prove each denied allegation, and Petitioners reserve all arguments set forth in their Original Petition to Confirm under 9 U.S.C. § 9.

Respectfully submitted this 1st day of April, 2025.

_____
Michael C. Bixby
**BIXBY LAW PLLC**
4300 Bayou Blvd., Suite 16
Pensacola, FL 32503
Bar No.: 111367(FL), *Pro Hac Vice*
Email: Michael@BixbyLawFirm.com
Phone: (850) 332-6945

***Attorney for Petitioners Terry & Sharon Vaughn***

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer was filed via the CM/ECF System and served via email to Jeffrey T. Kennedy at jt@greatwestserv.com on this 1st day of April, 2025.

_____
Michael C. Bixby

6